UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIERRA MOORE,

    Plaintiff,

v.                                                   Civil Case No. 13-14292
                                                   Honorable Linda V. Parker

CITY OF WARREN, et al.

    Defendants.
_____/

## OPINION AND ORDER DISMISSING ACTION WITH PREJUDICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(b)

On October 9, 2014, this Court issued a show cause order requiring Plaintiff to respond by October 23, 2014, as to why this action should not be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b). (ECF No. 29.) The order specifically advised: "Failure to timely or adequately respon[d] to this Order will result in the dismissal of the Complaint without further notice to Plaintiff." (*Id*. at 4.) Plaintiff has not responded to the show cause order. For the reasons that follow, this Court therefore is dismissing Plaintiff's Complaint against Defendants with prejudice.

As indicated in the Court's show cause order, under Rule 41(b), a federal court may sua sponte dismiss a lawsuit for failure to prosecute or comply with an order. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-32 (1962); *Steward v. City of*

*Jackson*, 8 F. App'x 294, 296 (6th Cir. 2001).  The Sixth Circuit considers four factors in reviewing the decision of a district court to dismiss a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (citing *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir.1999)). All of the factors favor dismissal here.

In the Court's October 9, 2014 show cause order, Plaintiff was advised that her failure to timely respond would result in the dismissal of her Complaint. (ECF No. 29 at 4.)  As Plaintiff failed to respond, the first and third factors weigh in favor of dismissal.[1] As to the second factor, Defendants are prejudiced by having this action pending against them without it being advanced to a timely conclusion

---

[1] With respect to the first factor, it is not clear whether Plaintiff's failure to prosecute is due to willfulness, bad faith, or fault.  Nevertheless, Defendants cannot be expected to defend an action which Plaintiff has apparently abandoned, not to mention the investment of time and resources expended to defend this case.  Moreover, as outlined in the Court's October 9, 2014 show cause order, before the order was needed, this Court and Plaintiff's former counsel had made repeated, unsuccessful attempts to contact Plaintiff and secure her involvement in the prosecution of this matter.  (*See* ECF No. 29 at 1-3.)

due to Plaintiff's apparent abandonment of her claims. Indeed, Plaintiff has completely failed to participate in these proceedings– failing to communicate with her former attorneys, to execute authorizations to comply with Defendants' discovery requests, and to attend an October 8, 2014 status conference which she was directed to attend– all of which severely prejudices Defendants. Finally, given Plaintiff's failure to respond to the show cause order– coupled with her complete failure to participate in this litigation– the Court sees no utility in considering or imposing a lesser sanction. Thus, all of the factors weigh in favor of dismissal for failure to prosecute.

Undoubtedly "district courts should be especially hesitant to dismiss for procedural deficiencies where, as here, the failure is by a pro se litigant." *White v. Bouchard*, No. 05-73718, 2008 WL 2216281, at *5 (E.D. Mich. May 27, 2008) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)).  Nevertheless, the Sixth Circuit has found dismissal appropriate "when a pro se litigant has engaged in a clear pattern of delay." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). Indeed, a sua sponte dismissal may be justified by a plaintiff's "apparent abandonment of [a] case." *White*, 2008 WL 2216281, at *5 (citing *Washington v. Walker*, 734 F.2d 1237, 1240 (7th Cir. 1984)).  Notably, Plaintiff abandoned her case even when she still had counsel to represent and guide her.  Thus, for the reasons discussed, the

3

Court finds that Plaintiff has "engaged in a clear pattern of delay." Under these circumstances, dismissal is appropriate. *See* Fed. R. Civ. P. 41(b).

Accordingly,

**IT IS ORDERED**, that Plaintiff's Complaint is **DISMISSED WITH PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b).

S/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: November 19, 2014

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, November 19, 2014, by electronic and/or U.S. First Class mail.

S/ Richard Loury
Case Manager
